## PETER BRIGGS *vs.* GEORGE A. LAPHAM.

L. made a note for $3000, dated February 6th 1839, payable to B. on the 1st of April following; and B. signed the following writing at the bottom of the note: " In the event that L. does not get the appointment of postmaster at A., I agree to submit to such deduction from this note as C. and D. shall say:" L. was not appointed postmaster at A. until the 25th of May 1841, and was afterwards sued by B. on the note. *Held,* that the contingency, on which B. was to submit to such deduction as C. and D. should say, occurred on the 1st of April, when the note was payable, and that L. was entitled to such deduction, though he afterwards was appointed postmaster.

ASSUMPSIT on a promissory note for $3000. The defendant filed the following specification of defence:

The consideration of the note, in part, to wit, for the sum of $1000, has failed. The consideration, in part, to wit, the amount of $1000, was illegal, said note having been given, in part, for the sale of an office, viz. the office of postmaster in Adams. The defendant has paid already more than the real estate purchased by him of the plaintiff, for which said note was given, was worth, exclusive of said office. The said note is void, having been given in part for the sale of an office, to wit, the office of postmaster.

At the trial in the court of common pleas, before *Merrick,* J. the plaintiff produced the following note: "Adams, February 6th 1839. For value received, I promise to pay Peter Briggs or bearer, three thousand dollars, the first day of April next. George A. Lapham.

"In the event that George A. Lapham does not get the appointment of postmaster at Adams, I agree to submit to such deduction from this note, as R. R. Briggs, and Daniel Jenks shall say.                    Peter Briggs."

It was admitted by the plaintiff, that when said note was given, he was postmaster at Adams, and so continued until the 22d of March following, (1839,) on which day Resolva Wood was appointed in his place, and continued to hold that office till the 25th of May 1841 ; that he (the plaintiff) had sold and transferred said note to R. R. Briggs, one of the persons mentioned in the memorandum appended to said note; and that this suit was commenced, and was still prosecuted, by the said R. R. Briggs, for his own sole use and benefit.

As to the said note and the memorandum thereon, signed by the plaintiff, the judge ruled, that as the note was payable on the 1st of April 1839, and the plaintiff had a right, at its maturity, to receive and enforce payment of whatever was then due thereon, if the defendant had not then received the appointment of postmaster at Adams, the contingency had occurred, on which the plaintiff was bound to submit to such deduction as R. R. Briggs and Daniel Jenks should say.

The defendant called Daniel Jenks as a witness, to testify as to the consideration for which the note was given, and also as to the value of certain real estate alleged to be part of said consideration. Jenks testified that he was present when the note was given, and he understood the parties that it was given for the value of a certain house and land, owned by the plaintiff, and the office of postmaster at Adams ; that the plaintiff was to convey said house and land to the defendant, and get for him the appointment to that office ; that the plaintiff executed a deed of said house and land to the defendant, and laid it on a table, with said note to be signed by the defendant ; that the defendant objected to signing the note, saying that he felt doubtful as to getting the office ; that the plaintiff expressed the utmost confidence that the defendant would, by means of the plaintiff's aid and assistance, obtain the appointment, and

then proposed to make and sign the memorandum which is on the note ; that the defendant seemed disposed to assent to that arrangement, and the witness asked the plaintiff what he would have to appraise, if the defendant did not get the office, and the plaintiff said, "the value of the property;" that the plaintiff then wrote and signed the memorandum, the defendant signed the note, and the deed and note were both delivered, by the makers, to the other party ; and that the value of said house and land did not exceed $2000. Two other witnesses, called by the defendant, testified that said house and land were not worth more than $2000.

The plaintiff admitted, that when the deed of said house and land was made by him to the defendant, (which was a deed of warranty,) they were subject to an attachment by one of his creditors, and that the defendant, to relieve the property from the attachment, paid $924·78, on the 4th of July 1841, which sum was to be allowed in part payment of said note, in addition to the sum of $1956·58, before paid and indorsed thereon.

The defendant admitted that he was appointed postmaster at Adams, on the 25th of May 1841. The plaintiff then offered to give evidence that he made efforts to obtain said appointment for the defendant a short time before the defendant received it. The defendant objected to the admission of this evidence, and it was rejected.

A verdict was returned for the defendant, and the plaintiff alleged exceptions to the rulings and decisions of the judge.

*Rockwell,* for the plaintiff.

*Robinson & Sayles,* for the defendant.

SHAW, C. J. The only question is, whether the judge put the right construction on the proviso annexed to the note. The promise was to pay $3000 on the 1st day of April following, the note being dated February 6th 1839. Then came the proviso, or defeasance, signed by the promisee, which must be construed as part of the same contract, that if the promisor did not get the appointment of postmaster, there should be a deduction.

It was insisted, in behalf of the plaintiff, that as no time was limited for the defendant's getting the appointment, and as he did get it two years afterwards, the condition was saved. But the judge directed otherwise, and we think that direction was right. The deduction was to be made from the payment, on a condition. The time of payment was fixed, by the contract, on the 1st of April; and of course the deduction was to be made, or not, according as the condition had or had not happened on or before that day. Such, we think, is the legal effect of the two parts of the instrument, construed as one contract.

But if the plaintiff could avail himself of the equitable ground, that time was not of the essence of the contract, and a few days would make no difference, still, if, on the 1st of April, the defendant had not received the appointment, but another person had been appointed, and the office was then full, it would be a forced construction to hold that the appointment of the defendant, two years afterwards, upon the happening of another vacancy, was the condition contemplated by the parties.

*Exceptions overruled*